UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTONIO PEDRAZA,

                Plaintiff,

v.                                      9:08-CV-1057
                                             (NAM/ATB)

BRIAN FISCHER, Commissioner,
New York State Dept. of Corrections,

                Defendant.

---

ANTONIO PEDRAZA, Plaintiff *Pro Se*
DAVID COCHRAN, Ass't Attorney General, for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT AND RECOMMENDATION

This matter has been referred to me for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and LOCAL RULES N.D.N.Y. 72.3(c).[1] In this civil rights complaint, plaintiff alleges that defendant Fischer is somehow responsible for plaintiff's alleged improper placement in punitive confinement in 2008 for eighteen months.[2] (*See* Compl., Dkt. No. 1). Plaintiff seeks substantial monetary relief as well as injunctive relief.[3] Before the court is defendant's motion for summary judgment

---

[1] The case was originally referred to the Honorable Gustave J. Di Bianco, but was re-assigned to me on January 4, 2010, following Judge Di Bianco's retirement.

[2] Plaintiff has now been released from prison. (*See* Pl.'s Notice of Change of Address, Dkt. No. 34).

[3] Because plaintiff is no longer incarcerated, any injunctive relief is moot. *See Salahuddin v. Goord*, 467 F.3d 263, 272.

pursuant to Fed. R. Civ. P. 56. (Dkt. No. 25). Plaintiff has responded in opposition to defendant's motion. (Dkt. No. 30). For the following reasons, this court finds that defendant Fischer was not personally involved in any alleged violation of plaintiff's constitutional rights, and that the complaint may be dismissed as to defendant Fischer.

## I.  Facts and Contentions

### A.  Facts

The complaint is not a model of clarity. The court has construed plaintiff's claims based on attached grievances,[4] as well as information included in his memorandum of law in opposition to defendant's motion.

Plaintiff alleges that in September 2006, officers at Auburn Correctional Facility ("Auburn") "accused" plaintiff of having a shank,[5] which resulted in plaintiff being placed in the Special Housing Unit ("SHU") at Southport Correctional Facility until his release from confinement. (Pl.'s Stmt. Pursuant to R. 7.1 ¶ 1). Plaintiff alleges that 120 days after his release, he was arrested because of the incident at Auburn and sentenced by the Cayuga County Court to 1.5–3 years in State Prison. (*Id.* at ¶¶ 3–4).

Plaintiff arrived back at Auburn on July 1, 2007, and wrote to defendant Fischer on that date, asking to be transferred to another facility. (*Id.* at ¶¶ 10, 13). Plaintiff alleges that even though he "complained" to defendant Fischer of plaintiff's fear of

---

[4] The grievance documents were attached in response to the request on the complaint form regarding the exhaustion of administrative remedies. (Compl. ¶ 4(c)).

[5] A "shank" is a hand-made knife-like weapon fashioned from another object. *Colon v. Coughlin*, 58 F.3d 865, 868 (2d Cir. 1995).

being "set up" by officers at Auburn, defendant Fischer "failed to act." (Compl. ¶ 6). Plaintiff claims that, despite "repeatedly" requesting that defendant Fischer transfer him out of Auburn, plaintiff was allegedly again "set up" with a weapon in his cell. (*Id.*) Plaintiff was again charged with the possession of a weapon. (Pl.'s Stmt. Pursuant to R. 7.1 ¶ 16). Plaintiff was later found guilty for possessing the weapon and placed in punitive confinement for 18 months. (Compl. ¶ 6).

    **B.**    **Causes of Action**

Plaintiff asserts three causes of action: (1) Defendant Fischer's "failure to properly train and supervise the officers and other employees under his command is the direct cause of plaintiff's placement in punitive confinement, after a procedurally defective hearing which was appealed to and affirmed by defendant's designee," (2) Defendant Fischer's "failure to follow his own rules and regulations and to properly supervise and train the hearing officers employed by [defendant Fischer] resulted in my placement in punitive confinement in violation of [defendant Fischer's] own regulations which warranted reversal on appeal," and (3) Defendant Fischer's "failure to properly train and supervise the officers under his employ resulted in my placement in punitive confinement without any mental health assessment as is required by [defendant Fischer's] own regulations based upon plaintiff's documented history of mental health treatment." (Compl. ¶ 7).

**II.**    <u>**Summary Judgment**</u>

Defendant moves for summary judgment, arguing that he was not personally involved in the alleged constitutional deprivations. (Dkt. No. 25). Plaintiff has responded in opposition to the motion. (Dkt. No. 30).

3

Summary judgment is appropriate where there exists no genuine issue of material fact, and based on the undisputed facts, the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir.1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin v. Goord*, 467 F.3d at 272. When, as here, a party seeks summary judgment against a *pro se* litigant, a court must afford the non-movant special solicitude. *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 477 (2d Cir.2006). While a court "is not required to consider what the parties fail to point out," the court may in its discretion opt to conduct "an assiduous review of the record" even where a party fails to respond to the moving party's statement of material facts. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (citations omitted).

## III. <u>Personal Involvement</u>

### A. Legal Standards

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and *respondeat superior* is an inappropriate theory of liability for any constitutional claim. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). In *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a defendant can be personally involved in a constitutional deprivation, and thus be subject to individual liability.

A supervisory official is personally involved if that official directly participated in the infraction. *Id.* The defendant may have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong. *Id.* Personal involvement may also exist if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue. *Id.* Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id. See Iqbal v. Hasty*, 490 F.3d 143, 152–53 (2d Cir. 2007),

*rev'd on other grounds sub nom. Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009) (stating that defendant could be liable under section 1983 if he failed to remedy constitutional violation after learning of it or was grossly negligent in managing subordinates who caused violation); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

    **B.**    **Defendant Fischer**

Plaintiff's causes of action focus on defendant's alleged failure to train and manage New York State Department of Corrections ("DOCS") employees. (Compl. ¶ 7). Plaintiff claims there was a link between the alleged lack of training and his eventual punitive confinement, resulting from being "set up" by the staff at Auburn. However, he alleges no facts that support a plausible connection between training and supervision at the Commissioner's level and the incidents described in his complaint. Plaintiff's conclusory allegations that defendant Fischer failed to properly train staff and supervise employees at one of the many facilities in his Department is not enough to establish his personal involvement in the violations alleged by plaintiff. *See Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 269 (E.D.N.Y. 2009) (plaintiff must plead sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged).

In his memorandum of law accompanying his response to defendant's motion for summary judgment (Dkt. No. 30), plaintiff refers to what he considers the "core issue" of this action—defendant Fischer's alleged failure to transfer plaintiff out of Auburn after plaintiff "repeatedly wrote defendant [Fischer] asking for transfer."

(Pl.'s Response Mem. of L. p. 9).[6] The failure of defendant Fischer to investigate plaintiff's claims personally due to a letter of complaint is insufficient to state a claim. *See Smart v. Goord*, 441 F. Supp. 2d 631, 642–643 (S.D.N.Y. 2006). For personal involvement to be established based upon the supervisory official learning of the constitutional violation through a "report or appeal," the supervisor must be in a position to "remedy the wrong." *See Harnett v. Bar*, 538 F. Supp. 2d 511, 524 (N.D.N.Y. 2008) (stating that the appropriate guiding principle for determining personal responsibility is determining whether the supervisory official was presented with an "ongoing" violation that he or she could remedy directly).

Plaintiff includes a letter he wrote to defendant Fischer dated July 7, 2007, in which plaintiff requests a transfer out of Auburn. (Pl.'s Resp. p. 15). Defendant Fischer did not respond, and instead the letter was referred to Theresa A. Knapp-David, the Director of Classification and Movement. (*Id.* at p. 17). Ms. Knapp-David responded that the Office of Classification and Movement had not received a recent transfer request for plaintiff and suggested plaintiff discuss transfer options with his Correction Counselor, "who is in the best position to assist you in this matter." (*Id.*) Ms. Knapp-David also informed plaintiff that she was forwarding his letter to the Superintendent of Auburn. (*Id.*)

These letters establish that defendant Fischer was not personally involved; he

---

[6] Plaintiff did not number the pages of his Statement Pursuant to Rule 7.1, Affidavit in Opposition to Defendant's Motion for Summary Judgment, or his accompanying Memorandum of Law. (Dkt. No. 30). For ease of reference, the court will refer to material from documents at Docket No. 30 by page number, beginning at page 1 and proceeding sequentially.

referred the matter to the Director of Classification and Movement. (*Id.*) Moreover, the Director instructed plaintiff to address his issues with the Auburn staff, indicating that neither the Director, nor the Commissioner was in a position to directly remedy any of the issues of which plaintiff was complaining. Because defendant Fischer was not personally involved in any investigation of the incidents plaintiff mentions, plaintiff's complaint should be dismissed.[7]

## IV.   Due Process

Plaintiff alleges that he was improperly transferred back to Auburn even though he notified prison officials and defendant Fischer of issues he had with the staff at that facility. To the extent that plaintiff alleges a due process violation, this claim must be dismissed. It is well-settled that an inmate has no right to incarceration in any particular facility, and transfer among facilities does not need to be preceded by any particular due process procedures. *See Wilkinson v. Austin*, 545 U.S. 209, 221–222 (2005) (citing *Meachum v. Fano*, 427 U.S. 215, 225). In *Wilkinson*, the court stated that confinement in any one of the State's institutions is within the normal range of

---

[7] The court notes that plaintiff filed a motion to amend his complaint on December 28, 2009 (Dkt. No. 31), which was stricken from the docket pursuant to an order entered on December 29, 2009 (Dkt. No. 32). In the order, the court instructed plaintiff how to properly amend his complaint. To date, plaintiff has not complied with these instructions. From plaintiff's response, it appears he was attempting to amend his complaint to include three additional defendants, Sergeants Vanfleet, Lord, and Bailings, who plaintiff alleges "were negligent in their failure to take measures to correct the actions of the correction officers involved in this and other incidents." (Pl.'s Stmt. Pursuant to R. 7.1 ¶¶ 6, 17; Pl.'s Aff. in Opp. ¶¶ 6, 18). It remains unclear as to what incident plaintiff was referring, and he makes no further reference to "other incidents." Even if Plaintiff had successfully amended his complaint to include these defendants, he has not alleged facts establishing their personal involvement in "this and other incidents." *Id.*

8

custody which the conviction has authorized the State to impose. *Id.* at 222.

Plaintiff alleges that "upon sentencing by Cayuga County Court, the sentencing judge recommended to the New York State Department of Correctional Services, that [plaintiff] **NOT** be incarcerated at Auburn." (Pl.'s Stmt. Pursuant to R. 7.1 ¶ 8). This is false. Plaintiff attached the sentencing minutes to his response. (Dkt. No. 30, pp. 12–13). In the sentencing minutes, plaintiff's attorney requests "an order that any placement would be in a facility other than Auburn." (*Id.*) The judge responds, "I don't have the authority to do that . . . [plaintiff's] housing situation I think is within the complete discretion of the Department of Corrections." (*Id.*) The judge only noted that he would "place upon the record that the Department of Corrections shall look at [plaintiff's] concerns." (*Id.*) Plaintiff has not established any due process claim, and his complaint should be dismissed.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion for summary judgment (Dkt. No. 25) be **GRANTED**, and the complaint **DISMISSED WITH PREJUDICE** as to defendant Brian Fischer.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28

9

U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated: July 23, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge